# United States District Court--District of Arizona - Phoenix
## Order Setting Conditions of Release

DATE: 12/1/2015        CASE NUMBER: CR-15-01027-PHX-SPL

USA vs. Rosita Rosa Salgado



☒ **PERSONAL RECOGNIZANCE**
☐ AMOUNT OF BOND_____
    ☐ UNSECURED
    ☐ SECURED BY
    SECURITY TO BE POSTED BY_____
**NEXT APPEARANCE** at or as directed through counsel
☐ 401 West Washington St., Phoenix, AZ, Courtroom # , Floor
☐ Goodwin & Cortez, US Post Office Bldg., Prescott, AZ, 2nd Floor

**IT IS ORDERED THAT DEFENDANT IS SUBJECT TO THE FOLLOWING CONDITIONS AND SHALL:**

☒ appear at all proceedings as required and to surrender for service of any sentence imposed.

☒ not commit any federal, state or local crime.

☒ cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

☒ immediately advise the court, defense counsel and U.S. Attorney in writing of change in address/telephone number.

☐ maintain or actively seek verifiable employment or (combination of work/school) if defendant is physically or medically able and provide proof of such to Pretrial Services.

☐ not travel outside of: _____
except Defendant may travel directly to the prosecuting district, and through all states and counties in between the District of Arizona and the prosecuting district, for Court purposes and lawyer conferences unless express PRIOR Court or Pretrial Services permission is granted to do so.

☐ avoid all direct or indirect contact with persons who are considered alleged victim(s), potential witness(es), family members of victim(s)/witness(es), and/or ( ) the custodial parent, except Defendant may communicate with custodial parent solely for visitation purposes with his/her minor child(dren): _____

☒ report as directed to the U.S. PRETRIAL SERVICES 1-800-769-7609 or 602-322-7350.

☐ report as directed to the U.S. PROBATION OFFICE 602-322-7400 and abide by all terms of conditions of Supervised Release/Probation.

☐ execute an agreement to forfeit upon failing to appear as required, the bond or designated property:_____

☐ be placed in the third party custody of_____

☒ refrain from ☒ any ☐ excessive use of alcohol and not use or possess any narcotic or other controlled substance defined by 21 U.S.C. 802 unless prescribed for defendant by a licensed medical practitioner in the course of his/her legitimate medical practice. This provision does not permit the use or possession of medicinal marijuana even with a physician's written certification.

☒ participate in drug/alcohol counseling/treatment and submit to drug/alcohol testing, including breathalyzer testing and make copayment toward the cost as directed by U. S. Pretrial Services. The defendant shall not interfere, obstruct or tamper in any way with the administration of any Court ordered substance abuse testing.

☐ surrender all travel documents to Pretrial Services by _____ and will not obtain a passport or other travel document during the pendency of these proceedings.

☐ obtain no passport or other travel documents during the pendency of these proceedings.

☐ not possess or attempt to acquire any firearm, destructive device, or other dangerous weapon or ammunition.

☒ maintain weekly contact with his/her attorney by Friday, noon of each week.

☐ timely pay his/her monthly child support payments as previously ordered by the subject state court in the total amount of $ _____

☐ actively participate in any mental health treatment program as directed by Pretrial Services. The defendant shall comply with all treatment requirements including taking all medication as prescribed by his/her mental health care provider.

☐ not access via computer or possess any photographs or videos of sexually explicit conduct as defined by 18 U.S.C. § 2256(2).

☐ _____

**ADVICE OF PENALTIES AND SANCTIONS**

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years if the offense is a felony or a term of imprisonment of not more than one year if the offense is a misdemeanor. This sentence shall be consecutive to any other term of imprisonment.

Title 18 U.S.C. §1503 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years, and a $250,000 fine to intimidate a juror or officer of the court; Title 18 U.S.C. §1510 makes it a criminal offense punishable by up to five years imprisonment and a $250,000 fine to obstruct a criminal investigation; Title 18 U.S.C. §1512 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section by not more than twenty years or by not more than ten years and a $250,000 fine for tampering with a witness, victim or informant; or by intentionally harassing another person and thereby hindering /delaying /preventing or dissuading any person from attending or testifying in an official proceeding or otherwise violating the section is punishable by imprisonment for not more than one year and a $250,000 fine; and 18 U.S.C. §1513 makes it a criminal offense punishable by imprisonment for life or by death, or, depending upon the specific provisions of the section not more than twenty years or by not more than ten years of imprisonment, a fine of $250,000, or both, to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;(2) an offense punishable by imprisonment for a term of five years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years or both;(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

If the person was released for appearance as a material witness, a fine as provided by law or imprisonment for not more than one year, or both.

**ACKNOWLEDGMENT OF DEFENDANT**

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

| DATE | SIGNATURE OF DEFENDANT |
|---|---|
| 12-01-15 | *[signature]* |

Custodian agrees to (a) supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and to notify the court immediately in the event the defendant violates any condition of release or disappears. We, the undersigned, have read and understand the terms of this bond and conditions of release and acknowledge that we are bound by it until duly exonerated.

| SIGNATURE OF CUSTODIAN(S) |
|---|
| |

Directions to United States Marshal:

☒ The defendant is ORDERED released after processing.

☐ The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions of release.

DATE: 12/1/2015

*[signature]*
HON. MICHELLE H. BURNS
United States Magistrate Judge

USA, PTS/PROB, USM, DEFT, DEFT ATTY

**IT IS ORDERED** the defendant shall remain and reside by virtue of placement at:

- ☒ Crossroads (Residential Treatment - Women's Facility) 1632 East Flower St., Phoenix, Arizona
- ☐ Crossroads (Halfway House - Women's Facility) 1632 East Flower St., Phoenix, Arizona

- ☐ Crossroads (Halfway House - Men's Facility) 5116 East Thomas Road, Phoenix, Arizona
- ☐ Crossroads (Residential Treatment - Men's Facility) 5116 East Thomas Road, Phoenix, Arizona

- ☐ Crossroads (Halfway House - Men's Facility) 1845 East Ocotillo Road, Phoenix, Arizona
- ☐ Crossroads (Residential Treatment - Men's Facility) 1845 East Ocotillo Road, Phoenix, Arizona

- ☐ Crossroads (Halfway House - Men's Facility) 3702 North 13th Avenue, Phoenix, Arizona
- ☐ Crossroads (Residential Treatment - Men's Facility) 3702 North 13th Avenue, Phoenix, Arizona

- ☐ Crossroads (Halfway House - Men's Facility) 7523 North 35th Avenue, Phoenix, Arizona
- ☐ Crossroads (Residential Treatment - Men's Facility) 7523 North 35th Avenue, Phoenix, Arizona

- ☐ Back to Life (Juvenile Males - Residential Treatment) 5915 West Roanoke Avenue, Phoenix, Arizona
- ☐ Back to Life (Juvenile Males - Residential Treatment) 3301 North 63rd Avenue, Phoenix, Arizona

**FURTHER ORDERED** the Defendant shall follow all program requirements including the directions of all staff members. Upon successful completion of the program, the defendant shall reside at a residence approved by Pretrial Services. The U.S. Marshal Service is authorized, if requested by Pretrial Services and the program director or an authorized staff member, to remove the Defendant from the program for noncompliance during evenings, weekends and holidays and place defendant in temporary custody pending court proceedings. Pretrial Services shall file a petition to revoke pretrial release within twenty-four hours of Defendant's removal from the program.

**FURTHER ORDERED** the Defendant be required to make a copayment to an amount to be determined by the Pretrial Services Officer but in no event to be more than 50% of net income to the halfway house each pay period until placement is terminated.

**FURTHER ORDERED** the Defendant shall submit to drug and/or alcohol treatment, not limited to urinalysis and Breathalyzer tests, at the discretion of Pretrial Services. The Defendant shall make a copayment directly to the agency contracted by Pretrial Services to provide any required counseling or drug testing, in an amount to be determined by Pretrial Services to provide any required counseling or drug testing, in an amount to be determined by Pretrial Services, not to exceed the total cost of services rendered, each month until these services are terminated.

**FURTHER ORDERED** the Defendant shall participate in all program requirements as directed by Pretrial Services.

The U.S. Marshal is directed to bring the defendant bag and baggage to the Courthouse on January 31, 2016
For release from the U.S. Marshal's Office at 9:00 a.m.

ACKNOWLEDGMENT OF DEFENDANT _____

DATED THIS _____ DAY OF _December_, 2015.